**This order is SIGNED.**

Dated: April 10, 2019



KEVIN R. ANDERSON
U.S. Bankruptcy Judge

*ar*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH

| In re:<br><br>BRETT JASON HAZLETT,<br><br>Debtor. | Bankruptcy Number: 16-30360<br><br>Chapter 7<br><br>Hon. Kevin R. Anderson |
|---|---|

**ORDER RE: MEMORANDUM DECISION ON DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT (DOCKET NO. 126)**

The Defendants, Russell B. Weekes and Capstone Law ("Defendants"), filed a Motion for Summary Judgment in the above-captioned adversary proceeding on November 20, 2018. *See Docket No. 126.* The Court conducted hearings on the Defendants' Motion for Summary Judgment on January 4, 2019. Steve Rogers appeared on behalf of Defendant Russell B. Weekes, who was also in attendance. Laurie Cayton and John Morgan appeared on behalf of the Plaintiff, the United States Trustee. Following the conclusion of the hearing on January 4, 2019, the Court took the matter under advisement.

After careful consideration of the relevant documents on the docket, oral argument, and after conducting its own independent research of applicable law, the Court issued its Memorandum Decision of even date. As set forth in the Memorandum Decision, the Court finds that the actions taken by Weekes and Capstone Law did not in this instance, justify the imposition of sanctions.

For the reasons set forth in the Memorandum Decision, which the Court incorporates herein by reference, the Court hereby **ORDERS**:

1. The Defendants' Motion for Summary Judgment [Docket No. 126], is granted.

2. The procedures and business practices of Defendants in this matter facilitated the Debtor's ability to retain and pay for legal counsel to guide the Debtor through the Chapter 7 process with sufficient competence to expeditiously obtain a Chapter 7 discharge.

3. Defendants provided adequate explanations and disclosures of the Debtor's various options to seek bankruptcy relief, which options involved different levels of costs, services, and methods of payment.

4. Based on the services provided by Defendants, the Debtor's financial circumstances at the time of the bankruptcy filing, and the Debtor's successful receipt of a discharge, the Court finds that the $2,400 fee charged by Defendants was reasonable.

5. Defendants' use of e-signatures **<u>in this case</u>** does not merit the imposition of sanctions.

6. There is no basis for the Court to impose sanctions or to order Defendants to refund any portion of the payments received from the Debtor.

_____ooo0ooo_____

## DESIGNATION OF PARTIES TO RECEIVE NOTICE

Service of the foregoing ORDER RE: MEMORANDUM DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DOCKET NO. 126) shall be served to the parties and in the manner designated below.

**By Electronic Service:** I certify that the parties of record in this case as identified below, are registered CM/ECF users:

- Leah J. Aston    lja@lincolnlaw.com
- Laurie A. Cayton tr    laurie.cayton@usdoj.gov, James.Gee@usdoj.gov;Lindsey.Huston@usdoj.gov;Suzanne.Verhaal@usdoj.gov
- Steven M. Rogers    srogers@roruss.com, nrussell@roruss.com;rorusslaw@gmail.com;paralegal@roruss.com
- Kenneth A. Rushton tr    KRus8416@aol.com, UT01@ecfcbis.com
- Tessa Meyer Santiago    tms@lincolnlaw.com, lincolnlaw.tms@gmail.com
- United States Trustee    USTPRegion19.SK.ECF@usdoj.gov
- Russell B. Weekes    ecf@capstonelaw.net

**By U.S. Mail:** In addition to the parties of record receiving notice through the CM/ECF system, the following parties should be served notice pursuant to Fed. R. Civ. P. 5(b).

None.