**This order is SIGNED.**

**Dated: February 13, 2020**



KEVIN R. ANDERSON
U.S. Bankruptcy Judge

*slo*

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH

| In re:<br><br>BRETT JASON HAZLETT<br>Debtor. | Bankruptcy Number: 16-30360<br><br>Chapter 7<br><br>Hon. Kevin R. Anderson |
|---|---|

MEMORANDUM DECISION ON DEBTOR'S MOTION
TO AMEND ORDER AND JUDGMENT (DOCKET NO. 173)

In this case, the Debtor found himself in need of immediate bankruptcy relief arising from the entry of a default judgment. The Debtor initially sought the legal services of Lincoln Law to represent him in a Chapter 7 case, but he ultimately declined their representation because he lacked the funds to pay Lincoln Law's required pre-petition retainer. The Debtor then contacted Capstone Law, which offered a bifurcated fee arrangement that involved no retainer for filing the petition, and then a post-petition attorney's fees agreement to ultimately pay $2,000

in ten monthly installments. The Debtor and Capstone Law agreed, signed the required documents, filed the Chapter 7 case, and the Debtor expeditiously received a discharge.

Based on the issues raised by the attorney's use of the bifurcated fee agreements, the U.S. Trustee successfully moved to re-open the Debtor's bankruptcy case, and subsequently filed a motion for sanctions against Capstone Law.[1] Concurrently, Lincoln Law brought a nearly-identical motion for sanctions against Capstone Law[2] and later substituted in as Debtor's counsel.[3] On April 10, 2019, the Court entered its memorandum decision and accompanying order granting summary judgment in favor of Capstone Law and its principal, Russell Weekes, (collectively "Capstone Law") as to the U.S. Trustee's motion for sanctions.[4] The Court essentially found that in this particular matter, Capstone's use of bifurcated fee agreements was appropriate, and that Capstone's attorney fees were reasonable.[5]

On May 3, 2019, the Court conducted a status conference to address Capstone's unresolved motion for summary judgment against the Debtor.[6] The parties agreed that the only remaining issue was whether Capstone violated the automatic stay of § 362 arising from its use of bifurcated fee agreements. On October 17, 2019, the court entered its memorandum decision and accompanying order granting summary judgment in favor of Capstone Law.[7]

On October 29, 2019, Lincoln Law, on behalf of the Debtor, filed a Motion to Amend Order and Judgment (the "Motion to Amend"), together with attached Exhibits A, B, and C.[8]

---

[1] ECF No. 61.
[2] ECF No. 27.
[3] ECF No. 29.
[4] ECF Nos. 155 and 156.
[5] *Id.*
[6] See Minute Entry, May 3, 2019.
[7] ECF Nos. 170 and 171.
[8] ECF No. 173.

In its Motion to Amend, Lincoln Law asks for reconsideration of the findings of fact and conclusions of law, entered in the Court's Memorandum Decision and Order Granting Summary Judgment in favor of Capstone. Following a hearing on the Motion to Amend, the Court took the matter under advisement. The Court has carefully considered the parties' briefs, the Court's prior rulings in this case, and the relevant recordings of prior hearings, and is now ready to rule.

**I.     Jurisdiction and Venue**

The Court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 1334(a)–(b), 157(b). The Debtor's Motion to Amend is a core proceeding under 28 U.S.C. § 157(b)(2)(H). Venue is appropriate in this District under 28 U.S.C. §§ 1408–1409, and notice of the hearing was properly given to all parties in interest.

**II.    Analysis**

   **1.    The Standard of Review.**

The Motion to Amend seeks relief under Fed. R. Civ. P. 52(b) and 59(e), which are made applicable in bankruptcy cases by Fed. R. Bankr. P. 7052 and 9023. In the alternative, the Motion to Amend seeks relief under Fed. R. Civ. P. 60, which is made applicable in bankruptcy cases by Fed. R. Bankr. P. 9024. The Motion to Amend is timely, having been filed within 14 days of the entry of Court's order.[9]

In support of its Motion to Amend, the Debtor asserts a standard of review employed by the Fifth and Seventh Circuits and the Texas federal courts.[10] However, this Court, as it must, will follow Tenth Circuit law.

---

[9] See Fed. R. Bankr. P. 7052 and 9023 that applies a 14-day deadline for such motions in bankruptcy cases. The Court entered its order (ECF No. 170) on October 17, 2019, and the Debtor filed the Motion to Amend on October 29, 2019 (ECF No. 173).

[10] ECF No. 173 at 2-3.

a. Rule 52(b) Standard of Review

Fed. R. Civ. P. 52(a) applies to actions not tried by a jury, and requires the court to make specific findings of fact to aid in the event of an appeal or to determine if the doctrines of estoppel and res judicata apply to subsequent actions.[11] Rule 52(b) allows parties to seek amended or additional findings to facilitate these purposes and to reduce appellate remands for additional or corrected findings.[12] While the purpose of Rule 52(b) is to correct or clarify the trial court's findings, "[i]t is not to relitigate old issues or rehear the merits of a case."[13] Like Rule 59(e), the standard to grant a motion under Rule 52(b) requires "(1) an intervening change in the controlling law; (2) new evidence that was previously unavailable; and (3) to correct clear error or prevent manifest injustice."[14]

b. Rule 59(e) Standard of Review

The Debtor seeks relief under Fed. R. Civ. P. 59(e) and 60. However, "[t]hese two rules are distinct and serve different purposes and produce different consequences."[15] Thus, a "motion filed within fourteen days of entry of an order is considered a Rule 59(e) motion, while a motion filed after that time is a Rule 60(b) motion."[16] In other words, if a motion to reconsider is filed before the appeal period runs, it will be analyzed under Rule 59(e); if it is filed after the appeal period, it will be analyzed under Rule 60. Because the Motion to Amend was filed within

---

[11] *Gollaher v. United States Tr. (In re Gollaher),* 463 B.R. 142, 2011 WL 6176074, 2011 Bankr. LEXIS 4764, at *9 (B.A.P. 10th Cir. 2011) (citing *Featherstone v. Barash*, 345 F.2d 246, 249 (10th Cir. 1965)).

[12] See 9C WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 2582 (3d ed. 2019).

[13] *Busch v. Hancock (In re Busch)*, 369 B.R. 614, 621 (B.A.P. 10th Cir. 2007) (citations omitted).

[14] *In re Dynamic Drywall Inc.*, 2016 Bankr. LEXIS 3883 at *2 (Bankr. D. Kan. 2016).

[15] *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

[16] *Chameleon Entm't Sys. v. Weinman (In re Chameleon Entm't Sys.)*, 2012 Bankr. LEXIS 5617 at *19, 2012 WL 5995448 at *6 (B.A.P. 10th Cir. 2012) (citing to *Van Skiver*, 952 F.2d at 1243). See also Fed. R. Bankr. P. 9023 that shortens the time to file a Rule 59 motion to "no later than 14 days after entry of judgment" and Rule 8002(a)(1) that requires an appeal to be filed "within 14 days after entry of judgment."

14 days of the order, the Court will apply a Rule 59(e) analysis to the Debtor's Motion to Amend.

The Tenth Circuit Bankruptcy Appellate Panel articulated the following standard for a Rule 59(e) motion:

> A Rule 59(e) motion is only appropriate when a court has misapprehended the facts, a party's position, or controlling law. Grounds warranting altering or amending a judgment include (1) an intervening change in the controlling law; (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.[17]

However, a motion may not be used to "revisit issues already addressed or advance arguments that could have been raised in prior briefing."[18]

### c. Rule 60(b) Standard of Review

As held above, Court will address the Motion to Amend under Rule 59(e). Nonetheless, the standards applicable to Rule 60 inform the Court's decision on this motion. Like Rule 59(e), the "[g]rounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."[19] "In determining whether a bankruptcy court abused its discretion, the Court 'must be mindful that relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances.'"[20] A decision should only be reversed if the Court finds "a complete absence of a reasonable basis and [is] certain that the [bankruptcy court's] decision is wrong."[21] A Rule 60(b) motion is an "inappropriate vehicle[] to reargue an

---

[17] *Id*. (citing *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

[18] *Id*. (citing to *Van Skiver*, 952 F.2d at 1243).

[19] *Servants of the Paraclete*, 204 F.3d at 1012.

[20] *Parr v. Rodriguez (In re Parr)*, 2019 Bankr. LEXIS 249 at * 8, 2019 WL 365748 at *3 (B.A.P. 10th Cir. 2019) (quotation omitted).

[21] *Id*. (quotations omitted).

issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion."[22] Moreover, "a 60(b) motion cannot be used as a substitute for appeal."[23]

Further, a party asserting fraud must demonstrate "how any deception" affected the court's ruling.[24] "Fraud on the court encompasses 'only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated.'"[25]

Thus, both Rules 59 and 60 are extraordinary vehicles for relief, and may only be granted when the judgment is based "on an erroneous view of the law or on a clearly erroneous assessment of the evidence."[26]

    **2.    The Debtor's Four Assertions of Court Error.**

        a.  <u>Did the Court Err in Finding That Capstone's Post-Petition Fees Were Reasonable?</u>

Lincoln Law complains that Capstone Law engaged in impermissible block billing, vague time entries, billing on behalf of BK Billing, and "fraudulent disclosures," which justify this Court finding that the $2,007 in attorney's fees were unreasonable.[27] Capstone responds that this argument is neither based on a change in the law nor new evidence. The Court agrees.

First, in its memorandum decision issued in connection with the U.S. Trustee's motion for sanctions and to disgorge fees, the Court specifically addressed whether Capstone's

---

[22] *Id*. (citing to *Servants of the Paraclete*, 204 F.3d at 1012).

[23] *Id.* (quoting *Morris v. Adams-Millis Corp*., 758 F.2d 1352, 1357 (10th Cir. 1985)).

[24] *Gokool v. Okla. City Univ.*, 770 Fed. Appx. 894, 897 (10th Cir. 2019).

[25] *Rader v. Citibank*, 766 Fed. Appx. 632, 635 (10th Cir. 2019) (quoting *United States v. Buck*, 281 F.3d 1336, 1342 (10th Cir. 2002)).

[26] *FDIC v. United Pac. Ins. Co*., 152 F.3d 1266, 1272 (10th Cir. 1998) (quotations omitted).

[27] ECF No. 173 at 10.

attorney's fees were reasonable given the facts and circumstances of the case.[28] As noted therein, compensation to debtor's counsel is governed by § 329.[29] This section allows the bankruptcy court to modify a debtor's fee arrangement only if "such compensation exceeds the reasonable value of any such services."[30] Debtors' counsel in a Chapter 7 case are not subject to the more stringent and specific compensation requirements imposed by § 330(a)(1) through (7) that apply to Chapter 11 and Chapter 7 trustees and estate professionals appointed under §§ 327 or 1103.[31] Debtors' counsel in a Chapter 7 case are not appointed under these Code sections; thus, a review of Capstone's fees is limited to § 329.

While the Court was not required to apply the higher standard of § 330 to Capstone's fees, it nonetheless did so and still found that the Debtor received "reasonable value" for the $2,007 in attorney's fees charged by Capstone Law:

> [A]fter reviewing the facts of this case, the Court finds that the Debtor received reasonable value for the fee paid. First, the $2,400 fee included the post-petition payment of the $350 [Chapter 7] filing fee along with other costs, with the balance of $2,007 constituting the attorney's fee. Second, Capstone Law provided billing records showing that the post-petition services, excluding time spent dealing with the Debtor's installment payments, had a lodestar value of $2,240. Third, Capstone Law adequately represented the Debtor in the case in that there were no complications, the Debtor was not required to turnover assets or provide additional information to the Chapter 7 trustee, the Debtor expeditiously received a discharge 118 days after the petition date, and the Debtor's discharge is now final under § 727(e). This is an appropriate result for the fee paid. For these reasons, the Court finds that there is no basis to "order the return of any such payment" to the Debtor under § 329.[32]

---

[28] ECF No. 155, "Memorandum Decision on Motion for Summary Judgment (Docket No. 126)" at 20-21.

[29] All subsequent citations are to Title 11 of the U.S. Code unless otherwise noted.

[30] § 329(b).

[31] By its own terms in subsection (a)(1), § 330 only applies to "a trustee, a consumer privacy ombudsman appointed under section 332, an examiner, an ombudsman appointed under section 333, or a professional person employed under section 327 or 1103."

[32] ECF No. 155 at 21.

Second, in its brief in support of summary judgment, the Debtor argued that "[h]ad Weekes not filed baseless, nonsensical legal pleadings, the fees in this case would have been far less than they currently are."[33] In its memorandum decision, the Court rejected this assertion and reiterated its finding that Capstone's fees were reasonable in light of the services rendered that resulted in the expeditious and straightforward discharge of the Debtor's debts.[34]

Third, the Court carefully reviewed Capstone's pleadings filed in the bankruptcy case leading up to the Debtor's discharge. The Court also reviewed all of Capstone's documents provided to and signed by the Debtor in creating the attorney-client relationship and all of the bankruptcy papers prepared by Capstone in filing the Debtor's Chapter 7 case. Finally, the Court reviewed Capstone's record of time entries in support of its fees.[35] Even after reducing attorney time for travel and attending the first meeting of creditors, and eliminating time entries for processing payments, the fee entries still totaled $2,240, which is more than the $2,007 in attorney's fees charged by Capstone.

"[A] motion to reconsider must serve as more than simply another bite at the decisional apple."[36] Further, it is impermissible to use a Rule 59(e) motion "to ask this Court to rethink what it has already thought through."[37] Thus, the Court finds as follows: (1) there has been no intervening change in the controlling law; (2) there is no new evidence previously unavailable, and (3) there is no need for the Court to correct a clear error or to prevent manifest injustice.

---

[33] ECF No. 163 at 24.

[34] ECF No. 171 at 18.

[35] ECF No. 126-2 at 13-14.

[36] *In re TP, Inc.*, 486 B.R. 698, 701 (Bankr. E.D.N.C. 2013).

[37] *Benedict v. Hankook Tire Co.*, 2018 U.S. Dist. LEXIS 58616 at *11, 2018 WL 1655358 at *4 (E.D. Va. 2018) (citations and internal quotation marks omitted).

Furthermore, during the status conference on May 3, 2019, Debtor's counsel made clear that the only remaining issue was whether Capstone violated the automatic stay of § 362 in connection with the Debtor's post-petition payment of attorney's fees. Specifically, the Court questioned why the Debtor still intended to pursue this matter given its prior rulings.[38] In response, Debtor's attorney, Ms. Santiago, responded:

> I think your honor the Court's opinion on the UST's Motion has taken care of several of the issues…um as to the reasonableness of the fees, as to the amount of the fee, as to the matter of disclosure, but I don't believe, your honor, that the Court's opinion has touched on the claim for the violation of the stay, and for the taking of the money. . . . So as to the court's opinion and decision on the trustee's motion I believe it takes care of the…um, first the reasonableness, the e-signature, but it does not touch upon the claim for the violation of the automatic stay.[39]

As a result of this and other statements made by Debtor's counsel, all parties understood that the remaining issue was whether Capstone had violated the automatic stay. This is why the Court's scheduling order directed the parties to "submit supplemental briefing" limited to "whether a violation of the automatic stay occurred under 11. U.S.C. § 362, and if so, whether BK Billing is solely liable or whether Mr. Weekes/Capstone Law are jointly liable for any damages that may have resulted from such violation."[40] As directed, the parties' briefs limited their arguments to this issue, and the Debtor's brief contains no mention as to the reasonableness of Capstone's fees.[41] Seeking to revisit the reasonableness of Capstone's fees is inconsistent

---

[38] Audio of 05/03/2019 Status Conference, at 10:12:33 a.m. to 10:12:51 a.m. ("My question is, the Court granted Mr. Weekes' Motion for Summary Judgment in regards to the UST's Motion for Sanctions and in light of that motion does Mr. Hazlett intend to proceed with his motion for sanctions.").

[39] *Id*. at 10:12:52 a.m. to 10:13:59 a.m.

[40] ECF No. 160, "Order Re: May 3, 2019 Status Conference" at 2.

[41] ECF No. 163, "Supplemental Briefing on the Automatic Stay in Support of Debtor's Opposition To Respondents' Motion for Summary Judgment."

with both the representations of Debtor's counsel at the status conference and with the Court's scheduling order.

For the reasons stated above, Court denies the motion to reconsider its ruling on the reasonableness of Capstone's fees of $2,007.[42]

> b. Did the Court Err If Capstone's Fee Agreements with the Debtor are Allegedly Void Because They Were Not Signed by Capstone?

The Debtor filed his motion for sanctions in November 2017.[43] In March 2018, the U.S. Trustee filed its motion for sanctions seeking essentially the same relief.[44] Since that time, the Court has spent an extraordinary amount of time attempting to resolve essentially two issues in this case: (1) was Capstone's use of bifurcated fee agreements appropriate; and (2) were Capstone's fees reasonable. In its first memorandum decision, the Court conclusively answered both of these questions in the affirmative. [45] As explained above, the remaining issue was whether Capstone violated the automatic stay, which the Court has now answered in the negative.[46] This should have resolved, at least for purposes of this Court's jurisdiction, the issues raised by the Debtor.

However, for the very first time since filing its motion for sanctions two years ago, the Debtor asserts in the Motion to Amend that "[s]ince neither of the attorney-client agreements was signed by Capstone or Weekes, they are unenforceable" under § 526(c)(1).[47] The Court will not enable Debtor's counsel to further expand or protract this dispute by advancing a new

---

[42] *Strader v. Werholtz*, 2019 U.S. Dist. LEXIS 190185 at *3, 2019 WL 5622440 at *1 (D. Kan. 2019) ("Such a motion [under Rule 59(e)] may not be used to 'revisit issues already addressed or advance arguments that could have been raised in prior briefing.") (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

[43] ECF No. 27 filed on November 8, 2017.

[44] ECF No. 61 filed on March 9, 2018.

[45] ECF No. 155.

[46] ECF No. 171.

[47] ECF No. 173, "Debtor's Motion To Amend Order And Judgment" at 11.

argument that was available to it since the filing of its initial motion and that is now only first asserted in the context of a Rule 59(e) motion.[48]

### c. Did the Court Err in Finding That the Debtor Suffered No Compensable Damages?

The Court's finding relating to damages was ancillary, but not essential, to its primary ruling that Capstone Law did not violate the automatic stay under § 362. Specifically, if Capstone did not violate the stay, then the issue of damages under § 362(k) does not arise. Nonetheless, in an effort to fully address the Debtor's claims, to forestall subsequent arguments, and to provide some guidance to the Debtor,[49] the Court opined on the issue of damages. Therefore, because the Court found no violation of the stay, there is no basis for – or purpose to be served by – amending its ruling on the Debtor's damages.

### d. Did the Court Err in Its Finding That Lincoln Law Had Not Complied With the Compensation Disclosure Requirement of § 329?

At the hearing on October 15, 2019, where the Court issued the Memorandum Decision, the Court asked Lincoln Law if they had filed a disclosure of compensation, as required by § 329 and Bankruptcy Rule 2016 ("Disclosure of Compensation").[50] The Court made this inquiry because in preparing for the hearing, it had reviewed the case docket and did not see the Disclosure of Compensation listed either as a separate entry or in the docket description. Lincoln Law likewise could not affirmatively represent whether it had filed a Disclosure of Compensation. Consequently, the Court directed that Lincoln Law file a Disclosure of

---

[48] "A motion for reconsideration under Rule 59(e) 'is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.'" *Christ Ctr. of Divine Philosophy, Inc. v. Elam*, 763 F. App'x 740, 743 (10th Cir. 2019) (citing *Servants of Paraclete*, 204 F.3d at 1012).

[49] For example, the Court noted that it lacked jurisdiction over BK Billing (the entity collecting the attorney's fees) but that "the Debtor has other remedies in other courts he can pursue if he believes he has a cause of action against BK Billing." ECF No. 171 at 19.

[50] Such disclosure is made using Official Form B2030.

Compensation, including a disclosure of any amounts actually paid towards such fees by the Debtor or other parties.[51] On October 17, 2019, Lincoln Law filed its Disclosure of Compensation.[52]

Lincoln Law subsequently discovered that it had filed a Disclosure of Compensation on December 11, 2017 at ECF No. 49. However, because the docket entry did not list the Disclosure of Compensation and because it was attached as the penultimate page to thirty pages of amendments, it was not easily located on the docket.[53] While this issue is not relevant to the motion to reconsider, the Court nonetheless hereby amends its ruling to find that Lincoln Law filed a Disclosure of Compensation (Form B2030) on December 11, 2017 at ECF No. 49.[54]

Lincoln Law asserts that the Court's concerns about the Disclosure of Compensation was somehow a factor in denying the Debtor's motions for sanctions. This is a last grasp at a slim straw. If the Court believed that the Debtor had been taken advantage of or unreasonably charged for fees by Capstone, it would not hesitate to grant the Debtor relief – but that was not the case. Thus, the Court's questions regarding Lincoln Law's Disclosure of Compensation were neither a factor in, nor relevant to, the Court's decision in denying Lincoln Law's request for sanctions against Capstone and Mr. Weekes.

---

[51] ECF No. 170.

[52] ECF No. 172.

[53] The docket entry for ECF No. 49 states, "The Amended Schedules A/B, C, D, E/F, I, J. Amended List of Creditors. Creditors Added: Bank of America, Chase Bank. Amended Statement of Financial Affairs. Amended Statement of Intentions. Fee Amount $31. Filed by Brett Jason Hazlett. (Santiago, Tessa) (EOD: 12/11/2017)."

[54] However, as noted on the record, the Court still has concerns regarding Lincoln Law's Disclosures of Compensation. Specifically, the initial Disclosure of Compensation was not timely filed under Bankruptcy Rule 2016; both Disclosures of Compensation assert that the Debtor paid Lincoln Law $335 for the filing fee, which is not correct; and Lincoln Law has made inconsistent representations in its Disclosures of Compensation, its statements to the Court, and its statement to the Utah Office of Professional Conduct as to whether it was or was not going to receive compensation from the Debtor (see ECF No. 173, Exhibit C at 12).

.

**III.** **Conclusion**

Based upon the above authorities and analysis, the Debtor has not established that there are any issues of either fact or law that warrant reconsideration or amendment. Further, Lincoln Law has not persuaded the Court that an error, manifest or otherwise, was committed in the Findings of Fact and Conclusions of Law in this matter. Therefore, Lincoln Law's Motion to Reconsider is **denied**.

Case 16-30360 Doc 183 Filed 02/13/20 Entered 02/13/20 10:56:37 Desc Main
Document Page 14 of 14

—–ooo0ooo—–

## DESIGNATION OF PARTIES TO RECEIVE NOTICE

Service of the foregoing MEMORANDUM DECISION ON DEBTOR'S MOTION TO AMEND ORDER AND JUDGMENT (DOCKET NO. 173) shall be served to the parties and in the manner designated below.

**By Electronic Service:** I certify that the parties of record in this case as identified below, are registered CM/ECF users:

- Leah J. Aston lja@lincolnlaw.com
- Laurie A. Cayton tr laurie.cayton@usdoj.gov, James.Gee@usdoj.gov;Lindsey.Huston@usdoj.gov;Rinehart.Peshell@usdoj.gov
- Steven M. Rogers srogers@roruss.com, nrussell@roruss.com;rorusslaw@gmail.com;paralegal@roruss.com;la@roruss.com
- Kenneth A. Rushton tr KRus8416@aol.com, UT01@ecfcbis.com
- Tessa Meyer Santiago tessameyersantiago@gmail.com, lincolnlaw.tms@gmail.com
- United States Trustee USTPRegion19.SK.ECF@usdoj.gov
- Russell B. Weekes ecf@capstonelaw.net

**By U.S. Mail:** In addition to the parties of record receiving notice through the CM/ECF system, the following parties should be served notice pursuant to Fed. R. Civ. P. 5(b).

    None.